**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

ROSCHELL THOMPKINS,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

**COMPLAINT FOR DISABILITY BENEFITS**

    Plaintiff, Roschell Thompkins, files her Complaint against Defendant, Hartford Life and Accident Insurance Company:

**I. JURISDICTION AND VENUE**

    1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

    2.    Plaintiff, Roschell Thompkins ("Ms. Thompkins"), is a citizen of the United States of America and was at all times relevant a participant of the long-term policy (the "long-term disability policy") at issue. Defendant, Hartford Life and Accident Insurance Company ("Defendant") is the insurer and claims administrator of the long-term disability policy, and is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group long-term disability insurance policy constituting a binding contract of insurance between the parties. This policy was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Thompkins was employed by DXC Technology ("DXC").

6. By virtue of her employment, Ms. Thompkins was an eligible participant of the long-term disability policy at all times material to this action.

7. The purpose of the long-term disability policy was to provide Ms. Thompkins a monthly benefit in the event that she became disabled ("long-term disability benefits").

8. The long-term disability policy defines Disability, or Disabled, in pertinent part, as follows:

> *After the first 26 weeks of STD benefits but before the end of the initial 24 months of disability, you are considered disabled for purposes of LTD benefits if [Defendant] determines that your condition prevents you from performing the material and essential duties of your "own occupation." Your "own occupation" means the type of work you were performing before the onset of your disability and is not limited to your "usual occupation" as an Enterprise Services employee or to jobs that provide any particular earnings level.*
>
> *After you have received disability benefits for 24 months from the initial date your disability began, you will continue to be considered disabled for LTD benefits only if [Defendant] determines that you are continuously unable to perform any occupation for which you are or may become qualified by reason of your education, training, or experience.*

9. Ms. Thompkins's medical history includes, but is not limited to: carpal tunnel syndrome, osteoarthritis, visual field deficits, a rotator cuff injury, and a right ulnar nerve entrapment.

10. Ms. Thompkins was forced to stop working because of her medical conditions on November 10, 2017.

11. Ms. Thompkins timely notified her Sedgwick, the prior administrator of her disability plan, of her medical condition and submitted a claim for long-term disability benefits.

12. Sedgwick approved long-term disability benefits.

13. On April 1, 2019, Defendant "took over" as administrator of Ms. Thompkins's long-term disability benefits claim.

14. On September 21, 2019, the Social Security Administrative approved disability benefits.

15. By letter dated June 23, 2020, Defendant terminated Ms. Thompkins long-term disability benefits.

16. By electronic mail dated August 17, 2020, Ms. Thompkins timely appealed the termination of her long-term disability benefits.

17. By letter dated January 7, 2021, Defendant denied Ms. Thompkins's appeal.

18. Ms. Thompkins has exhausted her administrative appeals under ERISA.

19. In terminating Ms. Thompkins's long-term disability benefits, Defendant ignored medical evidence favoring disability and instead relied on the views of its own medical consultants.

20. Defendant's decision to terminate Ms. Thompkins long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

21. Defendant's decision to terminate Ms. Thompkins's long-term disability benefits breached the fiduciary duties owed to Ms. Thompkins under ERISA. Defendant further failed to

discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Thompkins as a participant of the long-term disability policy.

### IV.     COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and further states that:

22.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

23.     Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

24.     Defendant has refused to pay the benefits sought by Ms. Thompkins, ignoring the medical records and clear opinions of her treating physicians.

### V.     COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 24 as if fully stated herein and further states that:

25.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI.     RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 25 as if fully stated herein and further states that:

26.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

27.     Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

28.     Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Roschell Thompkins, prays for a judgment against Defendant, Hartford Life and Accident Insurance Company for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 17th day of May 2021.*

*/s/ Edward Philip Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Roschell Thompkins*